Honorable James C. Allen State Representative 4005 Malvern Road Hot Springs, AR 71901
Dear Representative Allen:
This is in response to your request for an opinion with regard to the liability of the Hot Springs Boys Club. The letter from Mr. Owen which was attached to your request poses the following questions:
 1. Does the Hot Springs Boys Club enjoy any type of immunity from negligent acts of its employees, agents, directors, board members, etc., while performing their official duties?
 2. Does the Hot Springs Boys Club enjoy any type of immunity from intentional torts of its employees, agents, directors, board members, etc., while performing their official duties?
 3. What type of acts, if any, could make the members of the Hot Springs Boys Club Board of Directors personally liable?
 4. Would any immunities that exist also extend to the National Organization, Boys Clubs of America, so as to protect that organization and its directors from its actions occurring at our local Boys Club?
In response to the first two questions, while non-profit corporations are generally not immune from tort liability, it is likely that the Boys Club would be deemed a charitable institution. See Cabbiness v. City of North Little Rock, 228 Ark. 356,307 S.W.2d 529 (1957). If it does in fact qualify as charitable, then the answer to the first question is year; the Arkansas Supreme Court has held that a charitable corporation is immune from liability for the negligence of its agents and employees. See Helton v. Sisters of Mercy of St. Joseph's Hospital, 234 Ark. 76, 351 S.W.2d 129 (1961).
In response to the second question, absent specific facts, it is difficult to conceive of a situation in which an agent or employee could be said to have committed an intentional tort while performing duties within the scope of his official capacity. An action against the corporation would most likely be premised upon its alleged negligence in hiring the person guilty of an intentional tort. The defense of charitable immunity would then be available.
Mr. Owen's third question involves the liability of directors. Act 970 of 1987, a copy of which is attached, extends limited tort immunity to directors of non-profit corporations. The act makes it clear that this immunity does not extend to "acts or omissions . . . which constitute ordinary or gross negligence personal to the director of member or to intentional torts committed by a director of member." See Section 4.
The response to his final question may vary depending upon the particular facts involved as well as the organization's Articles of Incorporation. Immunity would likely extend if the action against the national organization is premised solely upon a theory of vicarious liability. However, the Articles of Incorporation must be reviewed since they may create some affirmative duty upon which a theory of liability could be premised.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.